AO 91 (Rev. 5/85) Criminal Complaint

Karl Overman, AUSA 313.226.9604

NWL

# United States District Court

EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

V.

D-1 RAJINDER HEER
D-2 GURPINDER SINGH
D-3 BANT DHINSA
D-4 JASVIR SINGH

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

CASE NUMBER:

05-80976

FILED
OCT 28 2005
CLERK'S OFFICE
DETROIT

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about October 27, 2005 in Wayne county, in the Eastern District of Michigan defendant(s) did, knowingly, intentionally, and unlawfully combine, conspire, confederate and agree with each other to commit an offense against the United States, that is, to possess with intent to distribute a controlled substance, namely, marijuana, in violation of Title 21 United States Code, Section(s) 841 and 846.

I further state that I am a(n) Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement and that this complaint is based on the following facts:

(SEE ATTACHED AFFIDAVIT)

BY DEPUTY CLERK

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Signature of Complainant
S/A Brian Manns

Sworn to before me and subscribed in my presence,

October 28, 2005
Date

at Detroit, Michigan
City and State

~~VIRGINIA M. MORGAN~~
MAGISTRATE JUDGE
R. STEVEN WHALEN
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

# AFFIDAVIT

I, Brian Manns, being duly sworn, depose and state the following:

1. I am a Special Agent with the Bureau of Immigration and Customs Enforcement. I have been employed by the United States Customs Service/Bureau of Immigration and Customs Enforcement (ICE) since 1989 as a Special Agent and a Customs Inspector. During my tenure with the U.S. Customs Service/Bureau of Immigration and Customs Enforcement, I have conducted numerous investigations relating to drug smuggling. The following information is based upon my own investigation and previous experiences as well as investigations conducted by fellow law enforcement officers and their previous experiences.

2. On October 27, 2005, at approximately 2100 hours, ICE Detroit, Michigan Special Agents received information from ICE Buffalo, New York Special Agents in reference to Rajinder HEER (Canadian Citizen/Resident) and Gurpinder SINGH (Canadian Citizen/Resident). ICE Buffalo agents indicated that HEER and SINGH were attempting to enter the United States at Buffalo, New York driving a Canadian plated rental vehicle. ICE Buffalo agents informed Detroit agents that HEER and SINGH had stated to Customs and Border Protection Officers in Buffalo that they were enroute to a Buffalo, New York truck stop to pickup a commercial truck. HEER and SINGH stated that they would immediately drive the commercial truck to Canada. HEER and SINGH then changed their intended itinerary and stated that they would be driving the commercial truck without a trailer to the Detroit area where they would pick up an empty commercial trailer. Due to HEER's and SINGH's suspicious itinerary, Buffalo agents initiated surveillance of HEER and SINGH. After being released from Customs Inspection, agents maintained constant surveillance of HEER and SINGH.

3. On October 27, 2005, ICE Buffalo agents followed HEER and SINGH to a Flying J Truck Stop located near the U.S./Canada border. Agents observed HEER and SINGH park their rental vehicle and enter an Ontario plated commercial truck without a trailer attached. ICE Agents then followed HEER and SINGH from the Buffalo, New York area to the Woodhaven, Michigan area. This constant surveillance continued through the morning of October 28, 2005.

4. Agents observed HEER and SINGH park their commercial truck within the parking lot of a truck stop in the Woodhaven, Michigan area. Agents observed HEER and SINGH attach their commercial truck to an Ontario plated commercial trailer that was parked within this trucking compound. Agents observed HEER and SINGH enter the rear of this trailer and discard several autoparts shipping containers onto the parking area. Agents then observed HEER and SINGH reenter their commercial truck and drive with the commercial trailer to the Canton, Michigan area. Agents observed HEER and SINGH park their commercial truck/trailer in close proximately to a second Ontario plated commercial truck/trailer. Agents observed HEER and SINGH exit their commercial truck.

5. Agents then observed movement originating from the rear of HEER and SINGH's commercial trailer. Agents also observed movement at the rear of the trailer parked directly next to HEER and SINGH's trailer. Agents continued to observe as individuals believed to be HEER and SINGH were loading boxes into their trailer that originated from a third individual later identified as Bant DHINSA (Indian citizen/U.S. resident alien). Agents observed an individual believed to be DHINSA entering the rear of the second Ontario plated trailer and offloading large white boxes to an individual believed to be HEER. Agents then observed an individual believed to be HEER transfer these boxes to an individual believed to be SINGH who was located in the rear of his commercial trailer. Agents then identified themselves as federal agents and proceeded to arrest DHINSA, HEER, and SINGH. During these arrests, DHINSA turned his back to agents and claimed he was at this location to urinate. HEER was found hiding under the trailer formerly occupied by the individual believed to be DHINSA. SINGH was then located within his commercial trailer hiding behind stacked cardboard boxes and was arrested. Agents then noticed an overwhelming odor of marijuana emanating from the trailer that SINGH was discovered.

6. Agents then searched the trucks attached to both commercial trailers. This search revealed approximately 400 pounds of a substance that later field tested for marijuana. Agents then searched both commercial trucks. This search revealed a fourth individual identified as Jasvir SINGH in the sleeper bunk area of second Ontario plated commercial truck. All four subjects were arrested and received their Miranda warnings from agents.

7. Agents then interviewed DHINSA, HEER, Gurpinder SINGH, and Jasvir SINGH. DHINSA stated that he had driven his personal car to the Detroit area approximately two days prior to visit friend. DHINSA stressed to agents that he was not a truck driver. DHINSA stated that he was unable to locate his friends and had spent the previous night sleeping in his vehicle at a truck stop located in Woodhaven, Michigan. DHINSA stated that he had driven his vehicle to Canton, Michigan and decided to again sleep in his vehicle. DHINSA stated that he had never met HEER, Gurpinder SINGH, or Jasvir SINGH. A search of DHINSA revealed a cellular telephone in his pocket. DHINSA denied ownership of this phone. During DHINSA's interview this cellular telephone frequently received calls from a Toronto, Canada area phone number.

8. HEER stated that he and Gurpinder SINGH were being paid by an individual to drive to the Detroit area to pick-up marijuana and deliver it to three different states within the United States. HEER identified DHINSA as the individual that was supplying both he and Gurpinder SINGH with this marijuana from the rear of the second trailer.

9. Gurpinder SINGH stated that he and HEER were being paid to drive to the Detroit area to pick-up marijuana and deliver it within the United States. Gurpinder SINGH identified DHINSA as the individual that was supplying boxes containing marijuana to both he and HEER.

10. Jasvir SINGH stated that he entered the United States from Canada driving the commercial truck that he occupied on October 27, 2005. Jasvir SINGH stated that he had never met DHINSA, HEER, or Gurpinder SINGH. Jasvir SINGH stated that he entered the United States with a sealed commercial trailer containing Canadian mail. Jasvir SINGH stated that he dropped this sealed trailer at the main Detroit Post Office and picked up a trailer, which he verified, was empty. Jasvir SINGH stated that he then drove to Canton, Michigan and parked at his current location at approximately 1800 hours on October 27, 2005. Jasvir SINGH stated that he intended to meet with a friend the following day at his location. Jasvir SINGH was unable to fully identify this "friend" to agents. Jasvir SINGH stated that then went to sleep in his truck and was not aware that boxes containing marijuana came from his trailer. Jasvir SINGH again stated that he had never met DHINSA and was not aware that DHINSA was inside his trailer. Jasvir SINGH then admitted ownership of two cellular telephones that had been seized by agents. A review of one of these phones disclosed numerous missed calls from the same Toronto phone number that had called the cellular phone found in the pocket of DHINSA.

11. A narcotic canine search was then conducted of DHINSA's personal vehicle. This search provided positive results to the odor of narcotics contained within DHINSA's vehicle.

12. Based on the above information, your affiant has probable cause to believe that Bant DHINSA, Rajinder HEER, Gurpinder SINGH, and Jasvir SINGH violated 21 USC 841 (Possession with intent to distribute marijuana) and 21 USC 846 (Conspiracy to distribute marijuana).

Brian Manns
Special Agent
Immigration and Customs Enforcement

Subscribed and sworn to before me
this 28th day of October, 2005

MAGISTRATE JUDGE
~~R. STEVEN WHALEN~~

United States Magistrate Judge
Virginia Morgan